1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  YADIRA ORTIZ, | CASE NO. 09cv2103 WQH (JMA) |
| 12                          Plaintiff, | **ORDER** |
| 13        vs. | |
|      MORTGAGE IT, Inc. et al., | |
| 14                          Defendants. | |

15

16  HAYES, Judge:

17        The matter before the Court is Plaintiff Yadira Ortiz's Motion for a Temporary Restraining

18  Order ("TRO").  (Doc. # 28).

19                              **BACKGROUND**

20        Plaintiff initiated this lawsuit against Defendants Mortgage It, Inc., America's Service

21  Company ("ASC"), and Homefinders Realty by filing her complaint in state court. (Doc. # 1, Ex. A).

22  The Complaint alleges Defendants violated state and federal law by failing to make proper disclosures

23  when refinancing Plaintiff's mortgage.  (Doc. # 1, Ex. A).  On September 25, 2009 Defendants

24  Mortgage It, Inc. and ASC removed the action to federal court.  (Docs. # 1-3).  Defendant

25  Homefinders Realty was not served in the state court suit. (*See* Doc. # 2).  On November 24, 2009,

26  Plaintiff filed a Motion for a Temporary Restraining Order. (Doc. # 28).  The motion seeks to enjoin

27  ASC from proceeding with an unlawful detainer action in state court to evict Plaintiff. (Doc. # 28 at

28  1-2).  The Court ordered Defendants to respond on or before December 2, 2009.  (Doc. # 29).  On

1  December 2, 2009, Defendant ASC filed a response.  (Doc. # 30).  The Court ordered Plaintiff to file

2  a reply on or before December 7, 2009.  (Doc. # 31).  On December 7, 2009 Plaintiff filed a reply.

3  (Doc. # 32).

4  ### FACTS

5  Plaintiff states she purchased a home at 1477 Windchime Avenue in Chula Vista, California

6  in 2005. (Doc. 28-3, Plaintiff's Affidavit in Support of Motion for TRO at 2).  Plaintiff states she has

7  an income of approximately $4890 per month.  *Id.*  Plaintiff refinanced her mortgage with

8  Homefinders Realty and Mortgage It in May of 2007.  *Id.*  The loan was later assumed by ASC. *Id.*

9  ASC, a subsidiary of Wells Fargo, sold the home in a foreclosure sale to non-party Deutsche Bank.

10  *Id.* at 2-3; Doc. # 30-1, Declaration of Jennifer Robinson in Opposition to Motion for TRO at 2-3.  A

11  Deutsche Bank subsidiary ("Deutsche"), has initiated state court proceedings to evict Plaintiff from

12  the home.  (Doc. 28-3, Plaintiff's Affidavit in Support of Motion for TRO at 3).  Plaintiff states that

13  if she is evicted, she does not have the financial resources to move and is worried that she will become

14  homeless.  *Id.*  Plaintiff's attorney, Steven W. Haskins, states he received notice on November 18,

15  2009 that Deutsche has requested that the unlawful detainer case be set for trial.  (Doc. # 28-2,

16  Affidavit of Steve W. Haskins, Esq. in Support of Motion for TRO at 2).  Plaintiff's attorney states

17  his client has offered to pay fair market rent for the home until the conclusion of Plaintiff's federal

18  case.  *Id.*  Plaintiff's attorney states he made this offer to ASC and to Deutsche, but has received no

19  response. *Id.*

20  ### STANDARD OF REVIEW

21  FED. R. CIV. P. 65(b) provides that the court may issue a temporary restraining order without

22  notice to the adverse party where "specific facts in an affidavit or a verified complaint clearly show

23  that immediate and irreparable injury, loss, or damage will result to the movant . . . ."  Regardless of

24  notice to Defendant, the standard for issuing a TRO is similar to the standard for issuing a preliminary

25  injunction, and requires that the party seeking relief show either "(1) a combination of likelihood of

26  success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the

27  merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners*

28  *Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006

U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).

The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006); *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006).

## DISCUSSION

Plaintiff contends that she is entitled to a TRO enjoining ASC from proceeding with a state court unlawful detainer action because she is likely to succeed on the merits of her claims against ASC in her federal court case, she will be irreparably injured by losing possession of her home, a TRO is in the public interest, and there is not sufficient time to schedule a hearing prior to an order in state court evicting Plaintiff from the property. (Doc. # 28 at 2-3). Plaintiff contends that Deutsche is an agent of Wells Fargo, ASC's parent company. *Id.* at 3. Plaintiff contends that the fair market rental value of the home is $50 per day, which she is prepared to pay. *Id.* Therefore, Plaintiff contends that Defendant "will ultimately lose nothing in affording Plaintiff the opportunity to have these claims fully adjudicated." *Id.* at 5.

ASC asserts that it sold the property to Deutsche, that it has no control over Deutsche, that it is not an agent of Deutsche, and that it is not involved in the state court proceedings. (Doc. # 30 at 5). Therefore, ASC asserts an injunction against ASC would have no effect on whether Plaintiff is evicted. *Id.* ASC contends that the federal Anti-Injunction Act prohibits this Court from enjoining or staying the state court proceedings, and that Plaintiff has not established that she is likely to win on the merits. *Id.* ASC further contends that Plaintiff's underlying claims are barred by the statute of limitations and fail because Plaintiff has not tendered the loan proceeds. *Id.*

The Anti-Injunction Act forbids a federal court from enjoining or staying state court

proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  "The general rule under the necessary in aid of its jurisdiction exception is that where state and federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts." *Id.* at 740 (citing *Atlantic Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)).  The exception does not apply unless injunctive relief is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coastline R.R.*, 398 U.S. at 295. "The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the necessary in aid of exception." *Lou*, 834 F.2d at 740.

The Court concludes that the injunctive relief sought by Plaintiff is prohibited by the Anti-Injunction Act.  Plaintiff has not identified any exception to the Anti-Injunction Act that is applicable to this case.  Plaintiff cites *Scherbenske v. Wachovia Mortgage*, 626 F. Supp 2d 1052, 1058 (E.D. Cal. 2009) as support for the proposition that federal courts have jurisdiction to enjoin state court detainer proceedings if the federal court action was filed first. (Doc. # 32).  However, *Scherbenske* does not support Plaintiff's position.  The court in *Scherbenske* held that it was required to abstain from exercising jurisdiction over the same property that was already at issue in a state court proceeding pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  *See Scherbenske*, 626 F. Supp. 2d at 1058.  The court went on to hold that *even if* it were not required to abstain under *Colorado River*, it would nonetheless be barred from enjoining the state court proceedings by the Anti-Injunction Act.  *Id.*

Furthermore, even if this Court could enjoin a party to a state court action from proceeding, ASC is not a party to the state court action.  There is no evidence in the record to support Plaintiff's position that Deutsche is acting as an agent of Wells Fargo, ASC's parent company, because Wells

Fargo and Deutsche have a "pooling and servicing agreement." (Doc. # 32 at 3). Plaintiff has failed to establish that enjoining ASC from proceeding with a state court action would have any impact on Deutsche's state court proceeding against Plaintiff.

## CONCLUSION

A temporary restraining order is an "extraordinary remedy" which should be issued sparingly. *C.S. v. Cal. Dep't of Educ.*, 08CV226 W (AJB), 2008 U.S. Dist. LEXIS 35267, *6-8, 13 (S.D. Cal. Apr. 30, 2008). After reviewing the merits and equities in this case, the Court concludes that Plaintiff has not met her burden to establish either a likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits have been raised and the balance of hardships tips sharply in Plaintiffs' favor. Accordingly, Plaintiffs' application for a temporary restraining order (Doc. # 28) to enjoin ASC from proceeding with an unlawful detainer action in state court to evict Plaintiff is DENIED.

DATED: December 9, 2009

**WILLIAM Q. HAYES**
United States District Judge

09cv2103 WQH (JMA)