**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

YADIRA ORTIZ,

Plaintiff,

vs.

MORTGAGEIT, Inc., et al.,

Defendants.

CASE NO. 09cv2103 WQH (AJB)

**ORDER**

HAYES, Judge:

The matters before the Court are the Motion to Strike filed by Defendant Mortgage It, Inc. (Doc. # 23), the Motion to Dismiss (Doc. # 24) filed by Defendant Mortgage It, Inc., and the Motion to Dismiss (Doc. # 27) filed by Defendant America's Service Company.

**BACKGROUND**

On August 14, 2009, Plaintiff Yadira Ortiz filed a complaint in the Superior Court of the State of California for the County of San Diego. (Doc. # 1). On September 25, 2009, Defendant Mortgage It, Inc. ("Mortgage It") filed a Notice of Removal joined by Defendant America's Servicing Company ("ASC"). *Id.* Defendant Homefinders Realty was not served in the state court suit. (*See* Doc. # 2). On October 28, 2009, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. # 14). The FAC alleges claims for: (1) rescission and damages under the Truth in Lending Act ("TILA"); (2) unfair business practices in violation of California Business and Professions Code § 17200; (3) declaratory relief; (4) breach of

fiduciary duty; (5) constructive fraud; (6) fraud; (7) negligent misrepresentation. *Id.*

On November 16, 2009, Mortgage It filed its Motion to Strike (Doc. # 23) and its Motion to Dismiss (Doc. # 24). On November 17, 2009, ASC filed its Motion to Dismiss. (Doc. # 27). On November 24, 2009, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order. (Doc. # 28). On December 9, 2009, the Court denied Plaintiff's motion. (Doc. # 38).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff owns a home in Chula Vista, California located at 1477 Windchime Avenue. (Doc. # 14 at 6). Plaintiff refinanced her mortgage with Defendant Homefinders Realty on May 8, 2007. *Id.* Plaintiff was an unsophisticated borrower. *Id.* Homefinders Realty told Plaintiff that she would be able to reduce her monthly payments, but in fact, Plaintiff's mortgage payment increased. *Id.* at 6-7. Plaintiff's loan became unaffordable in late 2008 and Plaintiff "began exploring the possibility of a refinance." *Id.* at 7. While researching refinance options, Plaintiff realized the disclosures she received when she refinanced violated state and federal law. *Id.* Plaintiff was not provided with "the broker's early disclosures." *Id.* Homefinders Realty's agent failed to "offer a one day inspection prior to the settlement of the transaction." *Id.* Plaintiff's debt-to-income ratio was 74.98% before her mortgage rate adjusted and 103.601% after her mortgage rate adjusted. *Id.* at 8. Plaintiff was not properly informed of her right to cancel the loan. *Id.* at 9. Plaintiff received a document entitled "Right to Cancel," but the document does not include the date when Plaintiff's right to rescind expired. *Id.* Plaintiff's finance charges were miscalculated, resulting in an overstatement of the finance charges in her loan documents. *Id.* The interest Plaintiff would be charged was not clearly stated. *Id.* at 9-10. Plaintiff wrote a letter to ASC and Mortgage It rescinding her mortgage, which voided the loan on December 17, 2008. *Id.* at 7. However, Defendants "failed to take the required and appropriate actions to reflect the termination of any security interest." *Id.* at 11.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

### I. Federal Claim

Plaintiff's only federal law cause of action is a claim for violations of TILA. *See* Doc. # 14. Plaintiff's TILA claim alleges her loan was made without regard to her ability to pay in violation of 15 U.S.C. § 1639(h) because Defendants had a pattern and practice of making

loans without regard to the borrower's ability to pay. *Id.* at 12. The complaint alleges the right to cancel notice "does not have a date the rescission expires . . . therefore, [] Plaintiff has an extended 3 year right to cancel this loan." *Id.* at 9. Additionally, the complaint alleges Defendants failed to provide "proper notices" and the documents Defendants did provide included false and misleading disclosures. *Id.* at 12. The complaint alleges her December 17, 2008 letter rescinding her mortgage was legally effective but Defendants never turned over the property to her. *Id.* at 11. The complaint alleges Plaintiff "is prepared to tender a principal amount after the appropriate credits are made for interest, finance charges, and any other fees or payments applicable under the statute." *Id.* at 12.

**1. Contentions of the Parties**

**(a) Mortgage It's Motion to Dismiss**

Mortgage It contends that Plaintiff received all required disclosures pursuant to TILA. (Doc. # 24-1 at 16). Mortgage It asserts that Plaintiff received and signed a notice of the right to rescind which contained the date upon which the right to rescind expired. *Id.* at 17. Mortgage It attaches a signed copy of the notice of the right to rescind containing the expiration date as Exhibit B to its motion. (Doc. # 25-1 at 4). Mortgage It contends that Plaintiff's right to rescind expired three days after the loan refinancing her mortgage was initiated and that the recision letter sent a year and a half after the loan initiation was ineffective. *Id.* at 20-21. Mortgage It contends that Plaintiff's TILA claim for damages is time-barred because they were brought more than a year after the loan was initiated. *Id.* at 18-19.

Plaintiff contends that dismissal is inappropriate because Plaintiff states in the complaint she did not receive notice of the expiration date of her right to rescind. (Doc. # 37 at 10). Plaintiff contends the Court may not take judicial notice of the signed notice of the right to rescind because "its contends are not 'alleged' in the complaint," the "contents cannot be easily verified," and it involves "a question of fact." (Doc. # 34 at 2, Doc. # 37 at 9). Plaintiff contends that the statute of limitations for damages runs from the date she filed her rescission notice, not from the date the loan was initiated. *Id.* at 11.

In its reply, Mortgage It contends that Plaintiff "fails to adequately explain why the court should not take judicial notice" of the signed notice of the right to rescind. (Doc. # 40 at 2). Mortgage It contends that Plaintiff has conceded that the Court may "'also consider documents outside the pleadings on a Rule 12(b)(6) motion if the documents are ***referred to in the complaint and are central to the plaintiff's claims***.'" *Id.* at 3. Mortgage It contends that Plaintiff "fails to explain how or why the authenticity of documents bearing plaintiff's own signature should be questioned." *Id.*

**(b) ASC's Motion to Dismiss**

ASC contends that the one year statute of limitations for damages claims bars Plaintiff's TILA damages claims. (Doc. # 27-1 at 15-16). ASC contends that Plaintiff has plead facts which establish she is not entitled to equitable tolling. *Id.* at 16. Therefore, ASC contends that Plaintiff's TILA damages claims should be dismissed with prejudice. *Id.* ASC contends that Plaintiff cannot rescind the loan because the property has already been sold through foreclosure, which terminated her right to rescind. *Id.* at 17. ASC contends that Plaintiff's tender allegations are insufficient to allow her rescission claim to go forward. *Id.* ASC contends that contrary to Plaintiff's assertion that her notice of the right to rescind was incomplete, Plaintiff received and signed a notice of the right to rescind containing the date the right to rescind expired. *Id.* at 20. ASC attached the signed copy of the notice of the right to rescind containing the expiration date of that right as Exhibit C to its motion. (Doc. # 27-2 at 19).

Plaintiff contends that the statute of limitations for damages runs from the date she filed her rescission notice, not from the date the loan was initiated. (Doc. # 35 at 13). Plaintiff contends that her right to rescind was not terminated by the foreclosure sale because she demanded rescission before the foreclosure sale occurred. *Id.* at 14-15. Plaintiff contends she does not need to offer to tender the entire loan proceeds now, but can instead seek a court order allowing tender "in a reasonable time and manner" and "over a reasonable period of time." *Id.* at 17-19. Plaintiff contends that the request for judicial notice of the signed copy of the notice of the right to rescind "should be denied" because its authenticity is in question. *Id.*,

Doc. # 33 at 1-2. Plaintiff contends the Court may not consider the signed copy because "its contends are not 'alleged' in the complaint," and the "contents cannot be easily verified." (Doc. # 33 at 1-2).

**2. Judicial Notice of the Notice of Right to Rescind**

"A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (quotation omitted). Also, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at 706. Allowing a district court to consider documents upon which the complaint necessarily relies "is supported by the policy concern underlying the rule: Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* (citation omitted).

Plaintiff's TILA rescission claim is based on the notice of the right to rescind. Plaintiff references this document in her complaint and does not directly dispute the authenticity of the document. While Plaintiff contends there is "a question of fact," raised by the signed version of the notice of the right to rescind presented by Mortgage It and ASC, she does not contend that it is falsified, altered, or in any way inauthentic. Plaintiff contends it is "difficult" to gauge whether the document is authentic, yet is apparently unwilling to assert that it is, in fact, inauthentic subject to the pleading standard of Federal Rule of Civil Procedure 11. The Court will therefore take judicial notice of the notice of the right to rescind which Mortgage It attached to its Motion to Dismiss as Exhibit B and ASC attached to its Motion to Dismiss as Exhibit C. (Doc. # 25-1 at 4; Doc. # 27-2 at 19).

**3. Statute of Limitations**

A borrower's right to rescind under TILA may be exercised "until midnight of the third business day following consummation," if the borrower received the proper notice of that right. 12 C.F.R. § 226.23(a)(3). Notice of the right to rescind must include "[t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(1)(v). If a lender fails to make material disclosures

required in a notice of the right to rescind, then a borrower has the right to rescind the transaction within three years, pursuant to 15 U.S.C. § 1635. See also 12 C.F.R. § 226.23 (2009). Pursuant to 12 C.F.R. § 226.23(a)(3), if failure to make material disclosures extends the rescission period to three years, "the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first."

A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009). The Ninth Circuit generally measures the statutory period in § 1640(e) from the date of the credit transaction, or the date the loan was consummated. See King v. State of Cal., 784 F.2d 910, 914 (9th Cir. 1986) (holding generally that, "the limitations period in Section 1640(e) runs from the date of consummation of the transaction"). A claim for damages based on violations of TILA's rescission provision must be brought within one year of the occurrence of the violation. *See* 15 U.S.C. §§ 1635(b), 1640(e); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (stating in dicta that "15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit" if the borrower provided the lender an effective rescission notice).

Plaintiff's allegations in the complaint that she did not receive a notice which contained "a date the rescission expires in compliance with" TILA are directly refuted by the signed copy of the notice produced by Mortgage It and ASC, which contains the correct date. This signed notice creates a rebuttable presumption that Plaintiff indeed received the notice she signed and Plaintiff has not alleged facts which rebut this presumption. As a result, Plaintiff's right to rescind expired three days after her loan was initiated. Plaintiff's TILA claim for rescission is therefore dismissed as time-barred.

Although Plaintiff asserts the statute of limitations on her TILA claim for damages began to run when she attempted to rescind her loan on December 17, 2008, all of the alleged TILA violations which are the basis of her damages claim relate to the *origination* of the loan, not to Defendants failure to accept her notice of rescission. *See* Doc. # 14 at 8-12. Plaintiff

fails to allege any TILA violations which entitle her to damages relating to the rescission of the loan. *See id.* The statute of limitations on Plaintiff's TILA claim for damages ran one year from the origination of her loan on May 23, 2007. Plaintiff filed suit on August 14, 2009. Plaintiff's TILA claims for damages are therefore dismissed as time-barred.

**II. State Law Claims**

Neither the Notice of Removal nor the FAC assert that this Court has diversity jurisdiction over this action. The Notice of Removal asserts that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the TILA claims. (Doc. # 1 at 1-2). The Notice of Removal asserts this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. §1441(c). *Id.* The FAC asserts this Court has jurisdiction "pursuant to 15 U.S.C. § 1640(e) as to claims under the Truth in Lending Act." (Doc. # 14 at 4).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because the Court has dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159

F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

**CONCLUSION**

IT IS HEREBY ORDERED that:

(1) The Motion to Dismiss (Doc. # 24) filed by Defendant Mortgage It, Inc. is **GRANTED**.

(2) The Motion to Strike filed by Defendant Mortgage It, Inc. (Doc. # 23) is **DENIED AS MOOT**.

(3) The Motion to Dismiss (Doc. # 27) filed by Defendant America's Service Company is **GRANTED**.

(4) Plaintiff's complaint is dismissed without prejudice as to Defendant Mortgage It, Inc. and Defendant America's Service Company.

(5) Plaintiff may file a motion for leave to amend the complaint within thirty days of the date of this order. Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any motion for leave to amend. In the event no motion is filed, the Court will dismiss the entire action without prejudice and close the case.

DATED: March 9, 2010

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge