# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA ORTIZ,<br><br>                        Plaintiff,<br>vs.<br>MORTGAGE IT, INC., a foreign corporation authorized to do business in California; AMERICA'S SERVICE COMPANY, a foreign corporation authorized to do business in California; HOMEFINDER'S REALTY, a business entity unknown; DOES 1-30, inclusive,<br><br>                        Defendants. | CASE NO. 09cv2103 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. # 51).

## BACKGROUND

    Plaintiff initiated this action by filing her Complaint in the Superior Court for the State of California, County of San Diego on August 14, 2009. (Doc. # 1 at 7). On September 25, 2009, Defendant Mortgage It, Inc. ("Mortgage It") filed a Notice of Removal joined by Defendant America's Servicing Company ("ASC"). *Id.* Mortgage It and ASC stated this Court has jurisdiction pursuant to 28 U.S.C. § 1332. *Id.* at 2. Defendant Homefinders Realty was not served in the state court suit. (*See* Doc. # 2). On October 28, 2009, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. # 14). On December 9, 2009, the Court denied

Plaintiff's Application for a Temporary Restraining Order. (Doc. # 38). On March 9, 2010, the Court dismissed the FAC as to Defendants Mortgage It and ASC. (Doc. # 47). Also on March 9, 2010, the Court issued an Order to Show Cause which stated in part:

> Federal Rule of Civil Procedure 4 requires that a summons and complaint be served "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). If a plaintiff fails to serve the summons and complaint within 120 days, the court may dismiss the action without prejudice after notice to the plaintiff. *See id.*
>
> This Order constitutes notice to Plaintiff that the Court will dismiss this action without prejudice as to Homefinders Realty on or after **March 22, 2010**, unless, no later than that date, Plaintiff files either: (1) proof of service of the summons and the complaint as to Defendant Homefinders Realty; or (2) a declaration under penalty of perjury showing good cause for failure to timely serve Homefinders Realty accompanied by a motion for leave to serve process outside of the 120 day period.

(Doc. # 48). Plaintiff did not file a response to the Order to Show Cause. On April 1, 2010, the Court dismissed the action as to Homefinders Realty ("Homefinders") without prejudice. (Doc. # 49).

On April 9, 2010, Mortgage It filed a Notice of Plaintiff's Failure to File Motion for Leave to Amend the First Amended Complaint by Court-Ordered Deadline. (Doc. # 50). The Notice states that the Plaintiff failed to file any motion for leave to amend by the Court's April 8, 2010 deadline and requests a dismissal with prejudice. *Id.* at 2. Also on April 9, 2010, Plaintiff filed her Motion for Leave to File Second Amended Complaint ("SAC"). (Doc. # 51). Plaintiff's proposed SAC is attached to the motion as Exhibit A. *Id.* at 4. Plaintiff filed the declaration of her attorney Jesse T. Farris. (Doc. # 53). Farris's declaration states he incorrectly calculated the deadline to file a motion for leave to amend pursuant to the Court's order and therefore missed the deadline by one day. *Id.* at 1. Mortgage It filed an opposition which contends the Court should deny Plaintiff's motion for failure to comply with the Court's previous order and because amendment would be futile. (Doc. # 55). ASC filed an opposition which contends there are several pleading defects in Plaintiff's proposed SAC. (Doc. # 56).

**ANALYSIS**

**I.    Mortgage It, Inc. and America's Service Company**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely

given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539 (citation omitted).

Defendants do not contend that the proposed amended complaint would impose undue prejudice or that Plaintiffs have exhibited undue delay or bad faith. Although Mortgage It suggests the Court should not consider Plaintiff's late-filed motion, the Court declines to bar

Plaintiff from filing her SAC as a sanction for missing the Court-imposed deadline to file a motion for leave to amend. As for Defendants' contentions that Plaintiff's proposed SAC is deficient, these arguments should be raised at the motion to dismiss stage. "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). After reviewing the proposed amended complaint, the Court finds that this procedure is appropriate in this case.

## II. Homefinders Realty

Plaintiff's SAC names Homefinders as a Defendant. *See* Doc. # 51 at 8, 14-17. The Court dismissed this action as to Homefinders for failure to serve the complaint within the 120-day period permitted by Federal Rule of Civil Procedure 4(m) and for failure to comply with the Court's Order to Show Cause. *See* Doc. # 49. Plaintiff has not offered any evidence of good cause for failure to serve Homefinders within the 120-day period allowed pursuant to Federal Rule of Civil Procedure 4(m) as required by the Court's Order to Show Cause. (Doc. # 48). Plaintiff may not amend her complaint to name Homefinders as a Defendant.

## CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. # 51) is **GRANTED** as to Defendants Mortgage It, Inc. and America's Service Company and **DENIED** as to Defendant Homefinders Realty. No later than **ten (10) days** from the date this Order is filed, Plaintiff shall file the proposed Second Amended Complaint which is attached to the Motion to Amend.

DATED: May 28, 2010

**WILLIAM Q. HAYES**
United States District Judge