# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA ORTIZ, <br><br> Plaintiff, <br> vs. <br> MORTGAGE IT, INC., a foreign corporation authorized to do business in California; AMERICA'S SERVICE COMPANY, a foreign corporation authorized to do business in California; HOMEFINDERS REALTY, a business entity unknown; DOES 1 through 30, inclusive, <br><br> Defendants. | CASE NO. 09cv2103 WQH (AJB) <br><br> **ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 63) filed by Defendant America's Servicing Company, the Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. # 64) and Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 65) filed by Defendant Mortgage It, Inc., and the Request for Dismissal of America's Servicing Company (Doc. # 66) filed by Plaintiff Yadira Ortiz.

## BACKGROUND

This action relates to Plaintiff's mortgage. Plaintiff initiated this action by filing her Complaint in the Superior Court for the State of California, County of San Diego on August 14, 2009. (Doc. # 1 at 7). On September 25, 2009, Defendant Mortgage It, Inc. ("Mortgage It") filed a Notice of Removal joined by Defendant America's Servicing Company ("ASC").

1 *Id.* Mortgage It and ASC stated this Court has jurisdiction pursuant to 28 U.S.C. § 1332. *Id.*
2 at 2. Defendant Homefinders Realty ("Homefinders") was not served in the state court suit.
3 (*See* Doc. # 2). On October 28, 2009, Plaintiff filed a First Amended Complaint ("FAC").
4 (Doc. # 14). On December 9, 2009, the Court denied Plaintiff's Application for a Temporary
5 Restraining Order. (Doc. # 38). On March 9, 2010, the Court dismissed the FAC as to
6 Defendants Mortgage It and ASC. (Doc. # 47). On April 1, 2010, the Court dismissed the
7 action as to Homefinders because Plaintiff failed to serve Homefinders and failed to respond
8 to an Order to Show Cause. (Doc. # 49). On May 28, 2010, the Court granted Plaintiff leave
9 to file a Second Amended Complaint ("SAC") against ASC and Mortgage It, but not against
10 Homefinders. (Doc. # 61). Also on May 28, 2010, Plaintiff filed her SAC, which is the
11 operative pleading in this case. (Doc. # 62). On June 11, 2010, ASC filed its motion to
12 dismiss. (Doc. # 63). On June 14, 2010, Mortgage It filed its motion to strike and motion to
13 dismiss. (Docs. # 64-65). On June 30, 2010, Plaintiff filed her request to dismiss ASC. (Doc.
14 # 66).

**ALLEGATIONS OF THE COMPLAINT**

16 Plaintiff owns a home at 1477 Windchime Avenue in Chula Vista, California. (Doc.
17 # 62 at 6). Plaintiff refinanced her mortgage through Homefinders on May 8, 2007. *Id.*
18 Homefinders helped Plaintiff obtain a second mortgage from Mortgage It. *Id.* Plaintiff was an
19 unsophisticated borrower. *Id.* An employee of Homefinders told Plaintiff that she would be
20 able to reduce her monthly payments, but in fact, Plaintiff's mortgage payment increased. *Id.*
21 at 6-7. Plaintiff "was informed and believed" that Homefinders and Homefinders' employee
22 who assisted Plaintiff with the refinance were "acting in a fiduciary capacity on her behalf."
23 *Id.* at 6. Plaintiff's loan with Mortgage It was later assigned to ASC as a loan servicer and
24 owner or partial owner of the loan. *Id.* at 7.

25 Plaintiff's loan became unaffordable in late 2008 and Plaintiff "began exploring the
26 possibility of a refinance." *Id.* at 7. While researching refinance options, Plaintiff realized the
27 disclosures she received when she refinanced violated state and federal law. *Id.* Plaintiff was
28 not provided with "the broker's early disclosures." *Id.* Homefinders Realty's agent failed to

1  "offer a one day inspection prior to the settlement of the transaction." *Id.* Plaintiff's debt-to-
2  income ratio was 74.98% before her mortgage rate adjusted and 103.601% after her mortgage
3  rate adjusted. *Id.* at 8. Plaintiff was not properly informed of her right to cancel the loan. *Id.*
4  at 8-9. Plaintiff received a document entitled "Right to Cancel," but the document does not
5  include the date when Plaintiff's right to rescind expired. *Id.* Mortgage It "has produced a
6  copy of a notice of the right to rescind which was signed by Plaintiff and contained the correct
7  expiration date for the Notice of Right to Rescind . . . . [h]owever, this document nor any copy
8  of it were ever provided to Plaintiff at consummation of the loan." *Id.* at 9. Plaintiff's finance
9  charges were miscalculated, resulting in an overstatement of the finance charges in her loan
10 documents. *Id.* The interest Plaintiff would be charged was not clearly stated. *Id.* at 9-10.
11 Plaintiff was also not provided with "historical index values" on an adjustable rate loan,
12 privacy disclosures, or other required disclosures. *Id.* at 10. Plaintiff sent a letter rescinding
13 the loan on December 17, 2008. *Id.* at 11. However, Defendants "failed to take the required
14 and appropriate actions to reflect the termination of any security interest." *Id.*

15  Plaintiff alleges claims for (1) violations of the federal Truth In Lending Act (TILA);
16 (2) declaratory relief; (3) fraud; and (4) negligent misrepresentation. *Id.* at 12-14.

## ANALYSIS

**I.  Motions Pertaining to ASC**

Plaintiff filed her request for dismissal of ASC pursuant to Federal Rule of Civil Procedure 41(a). (Doc. # 66). Because ASC has not filed an answer or a motion for summary judgment, the Request for Dismissal automatically dismissed the case as to ASC upon receipt by the Court. *See* Fed. R. Civ. P. 41(a)(1)(A). Plaintiff's request for dismissal is granted. ASC's motion to dismiss is denied as moot.

**II.  Mortgage It's Motions**

    **A.  Motion to Dismiss**

        **1.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure

1  8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain
2  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
3  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal
4  theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police
5  Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

6  To sufficiently state a claim for relief, a complaint "does not need detailed factual
7  allegations" but the "[f]actual allegations must be enough to raise a right to relief above the
8  speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's
9  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
10 conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*
11 (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept
12 as true all "well-pleaded factual allegations." *Ashcroft v.Iqbal*, --- U.S. ----, 129 S. Ct. 1937,
13 1950 (2009). However, a court is not "required to accept as true allegations that are merely
14 conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden
15 State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*,
16 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised
17 control over their day-to-day employment is a conclusion, not a factual allegation stated with
18 any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion
19 to dismiss."). "In sum, for a Complaint to survive a motion to dismiss, the non-conclusory
20 factual content, and reasonable inferences from that content, must be plausibly suggestive of
21 a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
22 2009) (quotations omitted).

23         **2.     TILA claim**

24 In support of her first claim for TILA violations, Plaintiff alleges Defendants' based
25 Plaintiff's loan on collateral without regard to payment ability in violation of TILA. (Doc.
26 # 62 at 11). Plaintiff alleges Defendants failed to "deliver all the material disclosures" required
27 by TILA. *Id.* Plaintiff alleges she is entitled to rescission. *Id.* at 12. "Plaintiff is prepared to
28 tender a principal amount after the appropriate credits are made for interest, finance charges

and any other fees or payments applicable under the statute." *Id.* at 11. Plaintiff seeks "an order that, because Defendants failed to act in response to Plaintiff's notice of Rescission, Plaintiff has no duty to tender the loan proceeds to Defendants, but in the alternative, if tender is required . . . an order requiring the Defendants to accept tender on reasonable terms over a reasonable period of time." *Id.* at 15.

### a. Damages Claims Related to Loan Origination

Mortgage It contends that Plaintiff's TILA damages claim is time-barred. (Doc. # 65-1 at 7). Plaintiff does not respond to this argument in her opposition. *See* Doc. # 68 at 5-7.

A cause of action for damages arising under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2009). The Ninth Circuit generally measures the statutory period in § 1640(e) from the date of the credit transaction, or the date the loan was consummated. See King v. State of Cal., 784 F.2d 910, 914 (9th Cir. 1986) (holding generally that, "the limitations period in Section 1640(e) runs from the date of consummation of the transaction"). A claim for damages based on violations of TILA's rescission provision must be brought within one year of the occurrence of the violation. *See* 15 U.S.C. §§ 1635(b), 1640(e); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002) (stating in dicta that "15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit" if the borrower provided the lender an effective rescission notice). The statute of limitations on Plaintiff's TILA claim for damages ran one year from the origination of her loan on May 23, 2007. Plaintiff filed suit on August 14, 2009. As this Court previously held in dismissing Plaintiff's First Amended Complaint, *see* Doc. # 47 at 7, Plaintiff's TILA claim for damages related to the origination of her loan is time-barred.

### b. Tender

Mortgage It contends that Plaintiff is required to tender the loan proceeds in order to rescind her loan. (Doc. # 65-1 at 10). Mortgage It contends that Plaintiff has failed to allege a present ability to tender and that her TILA rescission claim should therefore be dismissed. *Id.* at 11. Mortgage It contends that Plaintiff has not alleged sufficient facts to make her tender

allegations plausible. *Id.*

Plaintiff contends that she has sufficiently alleged tender in her SAC. (Doc. # 68 at 8). Plaintiff contends that Mortgage It is only entitled to a return of the loan principal, less credit for offsets for finance charges, commissions, and extra payments. *Id.* at 9. In the event the Court determines Plaintiff's tender allegations are insufficient, Plaintiff seeks leave to amend. *Id.* at 10

TILA section 1635(b) sets forth a sequential scheme of rescission and tender, whereby the creditor must return all money and property paid to the borrower and terminate the security interest within 20 days of receiving a notice of rescission. 15 U.S.C. § 1635. Upon the creditor's completion of this obligation, the borrower must tender the property received from the creditor under the loan. The Federal Reserve Board Regulation Z section 226.23 implements section 1635(b) and provides for a substantially similar sequence of obligations upon rescission. 12 C.F.R. section 226.23.

In 1980, Congress amended section 1635(b), qualifying the sequence of obligations upon rescission and stating that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court." 15 U.S.C. § 1635(b) (1995). The Court of Appeals for the Ninth Circuit has held the authority to alter the rescission procedures of section 1635(b) grants courts the discretion to condition rescission on the satisfaction of the tender requirement. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003). A decision to condition rescission on tender "must be determined on a case-by-case basis," taking into consideration "the equities present in a particular case . . . including the nature of the violations and borrower's ability to repay the proceeds." *Yamamoto*, 329 F.3d at 1171, 1173. A number of district courts within the circuit have applied *Yamamoto* to dismiss TILA claims at the pleading stage if the borrower fails to allege a present ability to tender. *See, e.g.*, *Del Valle v. Mortg. Bank of Cal.*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, --- F.Supp.2d ----, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA,

2009 WL 188604, at *5 (E.D. Cal. Jan.27, 2009).

The Court will require Plaintiff to plead facts that would establish her ability to tender before it will reach the substance of her TILA rescission claim. "It makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." *Valdez v. America's Wholesale Lender*, No. C 09-02778 JF (RS), 2009 WL 5114305, at *5 (N.D. Cal. Dec. 18, 2009). Plaintiff in the present case has pled no facts showing her ability to tender. The SAC's allegation that Plaintiff "is prepared to tender a principal amount" is a conclusory statement and fails to meet Plaintiff's burden of alleging the factual basis of her entitlement to relief. (Doc. # 1 ¶ 30). Plaintiff has alleged a willingness, or "preparedness," to tender, but has not pled facts that would establish her *ability* to tender. Plaintiff has thus failed to provide "[f]actual allegations . . . enough to raise [her] right to relief above the speculative level" as to their TILA claims. *See Twombly*, 550 U.S. at 555. Plaintiff must plead facts that would establish her present ability to tender the loan proceeds. Additionally, Plaintiff fails to sufficiently plead her damages claim based on Mortgage It's alleged failure to respond to the Notice of Rescission because Plaintiff failed to allege that she could have effected rescission and tendered the amounts due had Mortgage It responded in accordance with her rescission obligations.

Because Plaintiff failed to plead facts plausibly suggesting an entitlement to relief, the Court dismisses Plaintiff's first cause of action for violation of TILA.

### 3. Declaratory Relief

Plaintiff alleges a claim for a determination "of the parties' rights and duties as is necessary and appropriate at this time under the circumstances." (Doc. # 62 at 12). Mortgage It contends Plaintiff has an adequate remedy at law, therefore declaratory relief is improper. (Doc. # 65-1 at 14-15). Plaintiff contends her declaratory relief claim is proper because "Defendants have failed to take necessary action to reflect that the loan has been rescinded." (Doc. # 68 at 13).

Plaintiff's TILA claim will resolve the "rights and duties" of the parties. *See Horton*

*v. Cal. Credit Corp. Ret. Plan,* 2009 U.S. Dist. LEXIS 71176 (S.D. Cal. Aug. 13, 2009) (Plaintiff's TILA claim would resolve the same issues Plaintiff's declaratory relief claim would resolve). The court concludes that declaratory relief would not address any issues that are not addressed by Plaintiff's other claims. *See Exxon Shipping Co. v. Airport Depot Diner,* 120 F.3d 166, 168-170 (9th Cir. 1997) ("[A] declaratory judgment action must serve some purpose in resolving a dispute. If the relief serves no purpose . . . the district court should not grant it."). Plaintiff's second cause of action for declaratory relief is dismissed.

### 4.  State Law Claims

Neither the Notice of Removal nor the SAC assert that this Court has diversity jurisdiction over this action. The Notice of Removal asserts that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 by virtue of the TILA claims. (Doc. # 1 at 1-2). The Notice of Removal asserts this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. §1441(c). *Id.* The SAC asserts this Court has jurisdiction "pursuant to 15 U.S.C. § 1640(e) as to claims under the Truth in Lending Act." (Doc. # 62 at 4).

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because the Court has dismissed all of the federal law claims, the Court declines to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.

§ 1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)).

### B.     Motion to Strike

The Court has dismissed all of Plaintiff's federal claims against Mortgage It and declined jurisdiction over Plaintiff's state law claims against Mortgage It. Mortgage It's motion to strike is therefore moot.

### CONCLUSION

IT IS HEREBY ORDERED that:

(1) Plaintiff's Request for Dismissal of America's Servicing Company (Doc. # 66) is **GRANTED**. This action is dismissed without prejudice as to America's Servicing Company.

(2) America's Servicing Company's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 63) is **DENIED AS MOOT**.

(3) Mortgage It's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 65) is **GRANTED**.

(4) Mortgage It's Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. # 64) is **DENIED AS MOOT**.

(5) Plaintiff may file a motion for leave to amend within thirty days of the date of this order. Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any motion for leave to amend. In the event no motion is filed, the Court will dismiss the entire action without prejudice and close the case.

DATED: August 12, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge